UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1 (b)
Rhonda E. Greenblatt, Esq.
1201 New Road, Ste. 133
Linwood, NJ 08221
(609)437-7182(Phone)
greenblattlawfirm@gmail.com
Attorney for the Debtor(s)

Order Filed on July 17, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:
Ellen N. Kell

Case No.: 18-25337
Chapter: 13
Judge: Altenburg, Jr.

## ORDER ON MOTION FOR AUTHORIZATION TO ENTER INTO FINAL LOAN MODIFICATION AGREEMENT (CHAPTER 13)

The relief set forth on the following page is ORDERED.

**DATED: July 17, 2024**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

The Court having reviewed the Motion for Authorization to Enter into Final Loan Modification Agreement filed on __7/ 0/2 02_____, as to the <u>first mortgage</u> [enter first, second, third, etc.] concerning real property located at
520 E. Revere Ct. Galloway, NJ 08205 and the Court having considered any objections filed to such motion, it is hereby ORDERED that:

    __X__ The debtor is authorized to enter into the final loan modification agreement.

1) The loan modification must be fully executed no later than 14 days from the date of this order. If it is not, the secured creditor, within 14 days thereafter, must file with the Court and serve on the debtor, debtor's attorney, if any, and the standing trustee a Certification indicating why the agreement was not fully executed. A response by the debtor, if any, must be filed and served within 7 days of the filed date of the secured creditor's Certification; and

2) Upon the filing of the Certification required above, and absent a response from the debtor, the standing trustee may disburse to the secured creditor all funds held or reserved relating to its claim. Absent the filing of the Certification within the time frame set forth above, the standing trustee will disburse funds on hand to other creditors pursuant to the provisions of the confirmed Plan and any proof of claim filed in this case with respect to the mortgage is deemed modified and incorporated into the Loan Modification Agreement; and

3) Pre-petition arrears and all post-petition arrears past due as of May 1, 2024, the effective date of the modification, including the post-petition arrears that had been rolled into the plan as per this Court's June 10, 2019 and February 26, 2020 orders ("the Orders") are capitalized into the loan modification agreement. If the loan modification results in material changes in the debtor's expenses, the debtor must also file amended Schedules I and J within 14 days of the date of this Order; and

4) Check one:

    ___There is no order requiring the debtor to cure post-petition arrears through the Plan; or

    _X_ Post-petition arrears are capitalized into the loan modification agreement, and the Order filed <u>June 10, 2019 and February 26, 2020</u> requiring the Standing Trustee to make payments based on the arrearage are vacated as of the date of this order; or

    ___Post-petition arrears have not been capitalized into the loan modification agreement, and the Standing Trustee will continue to make payments to the secured creditor based on the Order filed On _____; and

5) If fees and costs related to loss mitigation/loan modification are sought by the debtor's attorney, an Application for Compensation in compliance with D.N.J. LBR 2016-1 must be filed.

____The Motion for Authorization to Enter into Final Loan Modification Agreement is denied.

new-12/17/19

2